# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

MAGISTRATE JUDGE NOLAN

UNITED STATES OF AMERICA

     v.

LIANYU LI,
    aka Xiangli Chen,
    Jian Liu, Yinji Zhang,
    Ying Ji Sun, Jin Zhang,
    Xifang Zhang, Shun Zheng,
    and Yinji Zhang
JIN HUA DONG,
    aka Renyu Cui and
    Zong Shu Liu,
MYUNG PAK,
    aka Pak Lse Myung

**CRIMINAL COMPLAINT**

CASE NUMBER:

## 08CR 371

# FILED

MAY - 8 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. From on or about January 1, 2008 until on or about May 9, 2008, in the ___Northern___ District of ___Illinois___, and elsewhere, defendants did

knowingly execute, or attempt to execute, a scheme or artifice to defraud a financial institution, or to obtain money or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises,

in violation of Title ___18___ United States Code, Section _1344_. I further state that I am a Special Agent of the United States Secret Service and that this complaint is based on the following facts:

Please see attached affidavit.

Continued on the attached sheet and made a part hereof: _x_ Yes ____ No

X _Brooke Wright_
Signature of Complainant

Sworn to before me and subscribed in my presence,

May 8, 2008            at     Chicago, IL
Date                            City and State

Nan Nolan, U.S. Magistrate Judge        _Nan R. Nolan_
Name & Title of Judicial Officer          Signature Judicial Officer

STATE OF ILLINOIS　　　　)
　　　　　　　　　　　　　　)
COUNTY OF COOK　　　　　)

## AFFIDAVIT

I, BOOKER T. WRIGHT, state as follows:

1.　　I have been employed as a Special Agent with the United States Secret Service ("USSS") for approximately three years and am currently assigned to the Chicago Field Office, Financial Crimes Squad. As part of my duties I investigate white collar and financial crimes such as identity theft/identity crimes, bank fraud, false identification, access device fraud, counterfeit checks, and forgery.

2.　　This affidavit is in support of a criminal complaint charging three individuals purporting to be LIANYU LI ("LI"), JIN HUA DONG ("DONG") and MYUNG PAK ("PAK") with knowingly executing a scheme to defraud federally insured financial institutions, in violation of Title 18 United States Code, Section 1344. The information in this affidavit is based on my personal knowledge, as well as information provided by other law enforcement agents, bank representatives and other private businesses, and my review of documents obtained during the course of the investigation. The information outlined below is provided for the limited purpose of establishing probable cause and does not contain all details or all facts of which I am aware relating to this investigation.

## OVERVIEW OF THE HOME EQUITY LOAN SCHEME

3.　　During the course of this investigation, USSS agents have determined that LI, DONG and PAK are obtaining multiple fraudulent home equity line of credit ("HELOC") loans secured by the same properties from different banks without disclosing to the banks that they have obtained or are in the process of obtaining additional loans on the same property that well-

exceed the equity in the property. Agents have learned that during January 2008, LI applied for and obtained four loans totaling over $850,000 from four different banks secured by 893 Asbury Lane in Schaumburg, Illinois ("893 Asbury"), and then in late April and early May 2008, LI applied for three loans from three different banks totaling over $1 million secured by 3421 Sandstone Court, Lake in the Hills, Illinois ("3421 Sandstone Court"). During this same time period, DONG applied for two loans from two different banks within 24 hours of each other totaling $784,900, secured by 4066 South Lake Park Avenue, Chicago, Illinois ("4066 South Lake Park" ). Finally, during March and April 2008, PAK applied for and obtained four HELOC loans totaling $889,500 from four different banks secured by 1713 South Ashland Avenue, Park Ridge, Illinois ("1713 South Ashland").

## BACKGROUND OF THE INVESTIGATION

4.    On or about April 15, 2008, USSS was contacted by a bank security officer from Midwest Bank who advised that an Asian male identifying himself as Lianyu LI was attempting to secure a home equity line of credit ("HELOC") from Midwest bank secured by 3421 Sandstone Court. The bank security officer further advised the same person had recently applied for and received a HELOC loan for $262,000.00, using the name Xiangli Chen, secured by 893 Asbury.

5.    USSS agents subsequently conducted a comparison of Chen's driver's license and LI's Illinois State Identification card, which were submitted as part of the Midwest Bank loan applications for these two HELOC loans, and found that they appear to be the same individual.

6.    Illinois Secretary of State Police has also confirmed that they have subsequently identified LI and Chen as the same person and that Li had also applied for and received

2

identification cards in the name of Jian Liu, Yinji Zhang, Ying Ji Sun, Jin Zhang, Xifang Zhang, Shun Zheng, and Yinji Zhang.

7.    On or about April 28, 2008, USSS agents were advised by the Midwest Bank security officer that LI was attempting to secure additional HELOC loans from other banks secured by 3421 Sandstone Court.  USSS agents have since identified HELOC closings which were scheduled to occur within days of each other at Midwest Bank, Fifth Third Bank and HSBC in the greater Chicago area under the name of Lianyu Li, all to be secured by 3421 Sandstone Court.  Based on an ongoing review of loan documentation, LI has not disclosed to the lenders that he has applied for other HELOC loans on the same property.  Each of these HELOC loans ($262,000 from Fifth Third Bank, $350,000 from HSBC, and $400,000 from Midwest Bank) appears to exceed any equity in the property at 3421 Sandstone Court.  The purchase price when LI bought the property on March 29, 2008, was $699,000, and the actual, original mortgage loan was for $489,300, leaving at most $209,700 in equity.

8.    In addition, USSS agents have determined through a review of loan documentation that LI had already closed on several HELOC loans secured by 893 Asbury using the identity of Xiangli Chen.  Specifically, USSS agents have learned that in January 2008, using the name Xiangli Chen, LI obtained HELOC loans from Fifth Third Bank ($181,000), Bank of America ($164,982), GMAC ($244,000), and Midwest Bank ($262,000) for a total amount of $851,982, all secured by 893 Asbury.  All of these HELOC loans are already in default, and the original $172,000 mortgage loan on the property is in default as well.  Based on an ongoing review of loan documentation from these HELOC loans, LI has not disclosed to the lenders that he has applied for or received other HELOC loans on the same property.  The amount of these HELOC

loans appears to be well in excess of the equity in the property at 893 Asbury. The purchase price when LI, using the name Chen, bought the property on December 14, 2007, was $372,000, and the actual, original mortgage loan was for $172,000, leaving at most $200,000 in equity.

9.    USSS agents have also determined, based on bank records and loan documents, that LI has used altered closing statements, or HUD-1s, in applying for HELOC loans to make it appear that the properties securing the loans have more equity than they actually do. Specifically, in applying for a HELOC loan from Midwest Bank secured by 893 Asbury, LI, using the name Chen, submitted an altered HUD-1 falsely representing that the outstanding mortgage on the property was only $72,000 when, in fact, the mortgage was $172,000, thereby falsely inflating his equity in the home. Similarly, in applying for a HELOC loan from Midwest Bank secured by 3421 Sandstone Court, LI submitted an altered HUD-1 falsely inflating the amount of his down payment and reducing the amount of the loan to inflate the apparent equity.

## SURVEILLANCE OF LI AND DONG ON MAY 5 and 6, 2008

10.    On or about May 5, 2008, USSS agents were conducting surveillance of LI when they observed him arrive at a Fifth Third Bank branch located at 265 West Virginia, Crystal Lake, IL driving a white 2008 Lexus LS 460 bearing Illinois license plate A33-3951 ("white Lexus"). LI was accompanied by two Asian male subjects, one of whom has been identified as using the name Jin Hua DONG in the course of obtaining additional HELOC loans secured by another property. Illinois Secretary of State Police has confirmed that DONG has applied for and received identification documents in the name of Renyu Cui and Zong Shu Liu. An NCIC query of the vehicle license plate revealed that it is registered to a woman name Pak Lse Myung, 1713 South Ashland Avenue, Park Ridge, Illinois. (As discussed below, Myung PAK has

4

applied for and obtained multiple HELOC loans on the 1713 Ashland Avenue property in the last few months.)

11.    Once at the Fifth Third Bank, surveillance observed LI enter the bank and sign closing documents for a HELOC loan on 3421 Sandstone Court, in the amount of $262,000 under the name Lianyu Li.

12.    After departing the Fifth Third Bank, surveillance observed LI, DONG and the third unidentified Asian male subject, drive the white Lexus to a Bank of America branch located at 201 South State Street, Chicago, Illinois.   On arrival at the Bank of America, surveillance observed DONG and the unidentified Asian male subject go into the bank and meet with a personal banker.   Upon the subjects' departure, USSS agents entered the bank and met with a Bank of America representative.   The agents determined that DONG's meeting at the bank was for the specific purpose of endorsing loan closing documents for a HELOC loan secured by 4066 South Lake Park.   The loan amount is for $350,000 and DONG is scheduled to receive the loan proceeds on Friday, May 9, 2008.

13.    On or about May 6, 2008, USSS agents conducting surveillance observed LI, DONG and the same unidentified Asian male subject arrive at a HSBC branch located at 100 Mittel Drive, Wood Dale, Illinois in the white Lexus.   Surveillance observed DONG exit the vehicle and enter the bank building briefly before returning to the vehicle.   DONG did not conduct any business with bank personnel, and appeared to be conducting counter-surveillance before returning to the vehicle.   At that point, surveillance observed LI exit the vehicle and enter the bank alone.   Surveillance observed LI close on a HELOC loan in the amount of $350,000

under the name Lianyu Li secured by 3421 Sandstone Court. Upon LI's return to the vehicle, the subjects were observed departing the bank parking lot in the white Lexus sedan.

14.    Surveillance then observed LI, DONG and the other subject driving in the white Lexus to a National City Bank branch located at 606 South Roselle Road, Schaumburg, Illinois. On arrival, DONG and the unidentified Asian male entered the bank. After approximately 8 minutes, DONG and the unidentified Asian male exited the bank, entered the Lexus and departed. USSS agents have since learned from bank management that DONG had previously applied for and signed closing documents on a $434,900 HELOC loan from National City Bank secured by 4066 South Lake Park. DONG has not disclosed to either Bank of America or National City Bank that he has simultaneously applied for and signed closing papers for HELOC loans on the same property.

## MYUNG PAK'S LOANS

15.    During the course of the investigation, USSS agents have learned that Myung PAK (whose white Lexus sedan LI and DONG were observed driving) has applied for and obtained four HELOC loans within a thirty day period secured by 1713 South Ashland. Specifically, on or about March 24, 2008, PAK applied for a HELOC loan from National City Bank in the amount of $220,000. On or about March 28, 2008, PAK applied for a HELOC loan from Fifth Third Bank in the amount of $229,500, and on the same day, PAK applied for a HELOC loan from Midwest Bank in the amount of $220,000. On or about April 9, 2008, PAK applied for a HELOC loan from HSBC Bank in the amount of $220,000. In addition, USSS agents have learned during the course of the investigation that PAK is currently attempting to secure another HELOC loan secured by 1713 South Ashland from Citibank in the Chicago area. Based on an

ongoing review of loan documentation from some of these HELOC loans, PAK has not disclosed to the lenders that she has applied for or received other HELOC loans on the same property. The combined amount of these HELOC loans ($889,500) appears to be well in excess of the equity in the property at 1713 South Ashland. The purchase price when PAK bought the property was $500,000, and the original mortgage loan was for $220,000, leaving at most $280,000 in equity.

## CONVERTING LOAN PROCEEDS THROUGH A CASINO

16.    During the course of this investigation, USSS agents have learned that LI has negotiated bank checks representing the proceeds of HELOC loans at the Horseshoe Casino in Hammond, Indiana and then received checks from the casino made payable to himself. Specifically, LI took bank checks from Midwest Bank totaling $262,000 made payable to Xiangli Chen representing the HELOC loan proceeds secured by 893 Asbury and purchased chips at the Horseshoe casino. USSS agents have confirmed that Horseshoe Casino employees contacted representatives from Midwest Bank to confirm that the checks were valid before honoring them. LI then almost immediately cashed in the chips for a check from Horseshoe casino made payable to Xiangli Chen for the amount of $262,000.

## CONCLUSION

17.    Based on documents obtained during the course of the investigation and information provided by bank representatives, each of the financial institutions that LI, DONG and PAK have applied to and/or received HELOC loans from are federally insured financial institutions. Specially, Midwest Bank, Fifth Third Bank, Bank of America, HSBC, National City Bank and Citibank are all federally insured and/or chartered financial institutions for purposes of Title 18, United States Code, Section 1344.

18.    Based on these facts, there is probable cause to believe LI, DONG and PAK are knowingly participating together in a scheme to defraud financial institutions through multiple fraudulent HELOC loans, in violation of Title 18, United States Code, Section 1344.

**FURTHER AFFIANT SAYETH NOT**

X _Booker Jr. Wright_

Booker T. Wright
Special Agent
United States Secret Service

Subscribed and sworn before me
this 8th day of May 2008.

_Nan R. Nolan_

Nan Nolan
United States Magistrate Judge

8